DANIEL MARTIN *vs.* WILLIAM H. DARLING and another.

Knox.    Opinion January 1, 1886.

*Liens.    Judgments in rem.*

No judgment *in rem* against the property attached, in an action to enforce a lien for labor on granite, will be rendered, where the defendant is the general owner of the property and made the contract for the labor, and no general notice has been given of the suit.

If the defendant in such action is the only person interested in the property attached, there is no necessity for judgment *in rem*; if he is not the only person so interested, no valid judgment *in rem* can be rendered, till all persons so interested have become parties to the suit, or had notice so to do.

ON REPORT on facts agreed.

Assumpsit to recover for labor in blacksmith shop, in a granite quarry, and to enforce a lien claim therefor upon the granite there quarried.

*J. E. Hanly*, for the plaintiff.

*H. A. Tripp*, for the defendant.

DANFORTH, J.    This case is submitted upon an agreed statement, by which the court is authorized " to render such judgment as the legal rights of the parties require. "   The amount due from the defendants is agreed upon. The plaintiff is therefore entitled to judgment for that amount. " The legal rights of the parties " neither require, nor authorize, any farther judgment.

The counsel have argued the question as to whether the plaintiff had acquired a lien upon the property attached, and if so, whether it has been lost by taking the note in suit. Any judgment which the court can render under this statement as to the lien will not be binding and therefore useless. If the defendants

alone are interested, as the contract for labor was made with them, and the property is attachable, a judgment for a lien would add nothing to the security which the plaintiff now has by virtue of his attachment. In such cases and in the absence of general notice given, the law does not authorize a judgment *in rem* to be given, *Byard* v. *Parker*, 65 Maine, 576, but leaves the question to be settled by subsequent proceedings if necessary. But this necessity can arise only when persons not parties to the case, claim an interest in the property, either as owners, or prior attaching creditors. No judgment could be rendered which would be valid against the rights of such persons until they were notified and had an opportunity to become parties to the action, and be heard. *Parks* v. *Crockett*, 61 Maine, 489, and cases cited. It is true that since these decisions there has been a change in the statute, so that now in all lien actions where the contract for labor or materials is made with a person not the owner of the property affected, such person may voluntarily appear and become a party to the suit. If he does not, such notice as the court orders may be given him, and he shall become a party. R. S., c. 91, § 44.

But this provision in no respect changes the law as laid down in the cases above cited. The statute does not, nor does it purport to bind any one except such as have become parties to the suit, or had notice to do so, nor, would the judgment be valid as against any others; now, as when the decisions were made, a judgment *in rem*, valid as such against the world, can be rendered only when the world has such notice as the court shall order.

In this case no notice except to the defendant has been given, neither has any person appeared. For that reason no judgment as to the validity of the lien can be given.

> *Judgment for the plaintiff for $221.86
> and interest from date of writ.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.